The Honorable Larry Cook Prosecuting Attorney Seventeenth West Judicial District P.O. Box 423 Lonoke, AR 72086
Dear Mr. Cook:
This is in response to Deputy Prosecuting Attorney Phillip T. Whiteaker's request for an opinion on the following questions:
 1. What is the status of Arkansas law concerning the taking of fingerprints of juvenile offenders within juvenile proceedings?
 2. If Arkansas law allows the taking of fingerprints of juvenile offenders within juvenile proceedings, what is the status of Arkansas law concerning the dissemination of juvenile fingerprint records pursuant to 28 C.F.R. § 20.32?
With regard to your first question, reference should be made to A.C.A. § 9-27-320 (1987). House Bill 1471 of the 79th General Assembly, Regular Session (1993) amended this provision to read as follows:
 (a) A juvenile shall not be photographed or fingerprinted under this subchapter by any law enforcement agency unless he has been taken into custody on an allegation of delinquency. If the juvenile is adjudicated delinquent for an offense for which he could have been charged as an adult on the delinquent offense, he shall be photographed and fingerprinted and the photographs and fingerprints shall be maintained for a period of ten (10) years.
 (b) Copies of a juvenile's fingerprints or photograph shall be made available only to other law enforcement agencies and to the juvenile court. Photographs and fingerprints of juveniles adjudicated delinquent for offenses for which they could have been tried as adults shall be made available to prosecuting attorneys and circuit courts for use at sentencing in subsequent adult criminal proceedings against those same individuals.
 (c) Each law enforcement agency in the state shall keep a separate file of photographs and fingerprints, it being the intention that such photographs and fingerprints of juveniles not be kept in the same file with those of adults.
 (d) However, in any case where the juvenile is found not to have committed the alleged delinquent act, the juvenile court may order any law enforcement agency to return all pictures and fingerprints to the juvenile court and shall order the law enforcement agency that took the juvenile into custody to make the arrest record with the notation `found not to have committed the alleged offense'.
This bill was signed by the governor on March 16, 1993, without an emergency clause. Acts of the General Assembly which do not contain an emergency clause become effective ninety days after adjournment of the session at which they were enacted. Fulkersonv. Refunding Bd., 201 Ark. 957, 147 S.W.2d 980 (1940).
Accordingly, pursuant to the above amended Code section, the status of Arkansas law concerning the taking of fingerprints of juvenile offenders within juvenile proceedings is that a juvenile may not be fingerprinted unless he has been taken into custody on an allegation of delinquency. If the juvenile is adjudicated delinquent for an offense for which he could have been charged as an adult on the delinquent offense, he is to be fingerprinted, and the fingerprints are to be maintained for ten years.
With regard to your second question, reference must also be made to the amendment to § 9-27-320 as set out above. Subsection (b) of this section allows copies of a juvenile's fingerprints to be made available only to other law enforcement agencies and to the juvenile court. It also allows for dissemination of the fingerprints of juveniles who are adjudicated delinquent for offenses for which they could have been tried as adults to prosecuting attorneys and circuit courts for use at sentencing in subsequent adult criminal proceedings against the juvenile.
Your inquiry also focuses on dissemination of juvenile fingerprint records pursuant to 28 C.F.R. § 20.32. I will assume that by "fingerprints of juveniles within juvenile proceedings," you are referring to those of juveniles who are taken into custody on an allegation of delinquency (as opposed to those who are tried as adults).
Section 20.32 to title 29, Code of Federal Regulations, defines the offenses that will be accepted in the Federal Bureau of Investigations (FBI) records system. The section states in pertinent part that:
 (a) Criminal history record information maintained in any Department of Justice criminal history record information system shall include serious and/or significant offenses.
 (b) Excluded from such a system are arrests and court actions limited only to nonserious charges, e.g., drunkenness, vagrancy, disturbing the peace, curfew violation, loitering, false fire alarm, nonspecific charges of suspicion or investigation, traffic violations (except data will be included on arrests for manslaughter, driving under the influence of drugs or liquor, and hit and run). Offenses committed by juvenile offenders shall also be excluded unless a juvenile offender is tried in court as an adult.
Accordingly, paragraph (a) of the rule requires that information be included concerning "serious and/or significant offenses," and paragraph (b) sets out offenses that are to be excluded. The second sentence of paragraph (b) uniformly excludes offenses committed by juveniles, unless the juvenile was tried as an adult.
Section 20.32 was amended by Rule of the Department of Justice on July 15, 1992. The amendment deletes the second sentence of paragraph (b) and makes a conforming change in paragraph (a) to make it clear that both "adult and juvenile" offenses are to be included within the FBI records system. See57 Fed. Reg. 31315-01 (1992). In amending the provision, the Department of Justice noted that:
 [T]he effect of the amendment is only to give the FBI the same authority to receive juvenile records and to include them in the national criminal records system that it currently has in relation to adult records. Whether a state forwards juvenile records to the FBI for inclusion in the national records system — and if so, what class or classes of juvenile records are forwarded — will continue to depend on that state's law and policy.
57 Fed. Reg. 31315-01.
In your request you refer to correspondence which you have attached from the Criminal Justice Information Services Division of the FBI which announces that, pursuant to the recent amendment, § 20.32 now allows for collection of records by the FBI of juveniles adjudicated in juvenile courts. I will assume that your reference to this correspondence indicates that you want to know whether Arkansas law permits dissemination of juvenile fingerprints to the FBI.
It is my opinion that the answer to this question is "yes."
Section 9-27-320 allows copies of a juvenile's fingerprints to be made available to other "law enforcement agencies." It is my opinion that this term is broad enough to encompass federal agencies that enforce laws of the United States. Cf. A.C.A. §16-81-106 (Cum. Supp. 1991). The Federal Bureau of Investigation, accordingly, in my opinion, is a "law enforcement agency" to which § 9-27-320 permits dissemination of juvenile fingerprint records.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh